E-FILED
Wednesday, 27 August, 2008  01:53:43 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 06-40037 |
| | ) | |
| CHUCK BEASON, | ) | |
| | ) | |
| Defendant. | ) | |

# O R D E R

On July 14 2008, Defendant filed a Motion to Reduce Sentence (Doc. 43) based on the retroactive amendment of the crack cocaine sentencing guideline set forth at U.S.S.G. § 2D1.1. The Court appointed the Federal Defender's Office to represent Defendant in this matter. On August 13, 2008, the Federal Defender's Office filed a Motion to Withdraw as Counsel (Doc. 45) stating that Defendant was sentenced to the statutory mandatory minimum sentence and therefore was ineligible for a sentence reduction.

Title 18 U.S.C. § 3582(c)(2) provides that a court may not modify a term of imprisonment once it has been imposed except:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

A reduction is not consistent with applicable policy statements if "the amendment does not have the effect of lowering the defendant's applicable guideline range because of the operation of another guideline (e.g., a statutory mandatory minimum term of imprison-

ment.)" U.S.S.G. § 1B1.10 comment. n. (1(A)). As the Court interprets 18 U.S.C. § 3582(c)(2), the amended crack cocaine guideline would have to <u>actually have the effect of lowering his sentencing guideline range</u> before he would be eligible for a sentence reduction. Section 3582(c)(2) clearly states that a defendant "who has been sentenced to a term of imprisonment <u>based upon a sentenc-ing range that has subsequently been lowered</u> by the Sentencing Commission . . ." can have his sentence reduced. (emphasis added). In the case of Defendant, who was sentenced to the statutory mandatory minimum sentence of life imprisonment, he was "sentenced to a term of imprisonment" not because of the crack cocaine guideline but because of the statute requiring that the mandatory minimum sentence be imposed. See 21 U.S.C. § 841(a)(1) and (b)(1)(A).

The amended policy statement of the Sentencing Commission at U.S.S.G. § 1B1.10 is consistent with this correct construction of 18 U.S.C. § 3582(c)(2) in providing that:

> A reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) if (B) an amendment listed in subsection (c) [such as the crack cocaine amendment] does not have the effect of lowering the defendant's applicable guideline range. U.S.S.G. § 1B1.10(a)(2)(B).

This is also true of Application Note 1(A) which explains that:

> <u>Eligibility.</u> – Eligibility for consideration under 18 U.S.C § 3582(c)(2) is triggered only by an amendment listed in subsection (c) that lowers the applicable guideline range. Accordingly, a reduction in the defendant's term of imprisonment is not authorized under 18 U.S.C. § 3582(c) and is not consistent with this policy statement if: (A) none of the amendments listed in subsection (c) is applicable to the defendant; or (B) <u>an amendment listed in subsection (c) is applicable to the defendant but the amendment does not have the effect of lowering the defendant's applicable guideline range because of the operation of another guideline or statutory provision (e.g., a statutory mandatory minimum term of imprisonment)</u>. (emphasis added). U.S.S.G. § 1B1.10, comment. (n.1A).

Because Defendant is not eligible for a sentence reduction for the reasons set forth *supra*, the Deputy Federal Defender's Motion to Withdraw as Counsel (Doc. 45) is

GRANTED. Defendant is allowed to pursue this matter *pro se*, and shall file with this Court no later than September 23, 2008, a pleading that either (a) concedes that the Amendment does not apply because his sentence was to the applicable statutory mandatory minimum sentence, or (b) explains why he is eligible for a sentence reduction despite the fact that he was sentenced to the statutory mandatory minimum.

    ENTERED this   26th   day of August, 2008.

                                                             s/Joe B. McDade
                                                             JOE BILLY McDADE
                                                          United States District Judge